UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

DORIAN CARR,

                       Plaintiff,

      -against-

Warden MICHELLE HALLETT, Capt. POWELL, Capt. THOMPSON, and Capt. LIBAUD,

                      Defendants.

**MEMORANDUM AND ORDER**
21-CV-2808 (RPK) (RER)

---------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Dorian Carr, proceeding *pro se*, filed this lawsuit on May 13, 2021. *See* Compl. (Dkt. #1). Mr. Carr did not contact the Court again after filing his complaint, nor did he inform the Court of changes to his address. Every order served on Mr. Carr since May 20, 2021, has been returned as undeliverable. *See* August 10, 2021 ECF Entry; November 23, 2021 ECF Entry. Now, more than seven months have passed since Mr. Carr last appeared. Defendants' motion to dismiss has been filed, three Court deadlines have elapsed, and two warnings have been issued without eliciting any response. Mr. Carr appears to have abandoned this action. Therefore, for the reasons that follow, plaintiff's action is dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**LEGAL STANDARD**

      Rule 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (brackets omitted). This includes circumstances where a *pro se* plaintiff stops participating in litigation and circumstances where case-related mailings to the

1

plaintiff are returned as undeliverable. *Greene v. Sposato*, No. 16-CV-1243 (JMA) (ARL), 2019 WL 1559421, at *1 (E.D.N.Y. Apr. 9, 2019); *English v. Azcazubi*, 13-CV-5074 (RRM), 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015); *Thornton v. Moroney*, 13-CV-8912 (ER), 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014).

Although the text of Rule 41(b) refers to a defendant's "mo[tion] to dismiss the action or any claims against it," it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). To determine whether dismissal is appropriate, a district court must weigh:

(1) whether plaintiff "caused a delay of significant duration";

(2) whether plaintiff was "given notice that further delay would result in dismissal";

(3) whether defendant was "likely to be prejudiced by further delay";

(4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court"; and

(5) whether lesser sanctions would be effective.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

While dismissal is a "harsh remedy to be utilized only in extreme situations," *Drake*, 375 F.3d at 254, "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). "When imposed, the sanction of dismissal 'operates as an adjudication upon the

merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp.*, 682 F.2d at 43 (quoting Fed. R. Civ. P. 41(b)).

## DISCUSSION

All five Rule 41(b) factors favor dismissal without prejudice here. First, plaintiff has caused a significant delay. Plaintiff no longer resides at the address he gave the Court, and he neither provided the Court with his new address nor has taken any other action in this case for over seven months. A delay of that length weighs in favor of dismissal. *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (finding delay to be significant where "proceedings ground to a halt for over seven months as a result of [plaintiff's] inaction"); *Greene*, 2019 WL 1559421, at *1 (more than five-month delay); *Terry v. City of New York*, No. 20-CV-81 (ER), 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (more than six-month delay); *Morgan v. Does* Nos. 1-3, No. 18-CV-2571 (ER), 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020) (more than six-month delay); *Kent v. Scamardella*, No. 7-CV-844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (three-month delay).

Second, the Court warned that further delay would result in dismissal. On October 25, 2021, I admonished plaintiff for failing to file an opposition or otherwise respond to defendants' motion to dismiss, and I warned plaintiff that I was "highly likely" to dismiss this action for failure to prosecute if he did not file a response. Oct. 25, 2021 Order. On November 17, 2021, I granted plaintiff "one more opportunity to file" and again warned that if he did not file within thirty days, "it [was] highly likely the Court shall dismiss this action for failure to prosecute." Nov. 17, 2021 Order. Those orders were sent to petitioner at the mailing address he gave the Court. If petitioner did not receive actual notice of my orders either by mail or by email, responsibility for that miscommunication lies with him. *See, e.g.*, *Terry*, 2020 WL 5913409, at *2 (explaining that "it remained [plaintiff's] duty to diligently pursue his case and

3

to inform this Court's *Pro Se* Office of any change of address"); *Greene*, 2019 WL 1559421, at *1 ("The duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs." (internal quotations omitted)) (collecting cases); *Chavis*, 2018 WL 6532865, at *4 (collecting cases).

Third, any further delay would prejudice defendant. Prejudice is presumed where, as here, plaintiff has caused an "unreasonable delay." *Lesane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp.*, 682 F.2d at 43); *see Terry*, 2020 WL 5913409, at *2.

Fourth, dismissal without prejudice properly strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. That disposition serves the "need to clear [the] calendar without unduly penalizing a *pro se* litigant for failing to comply with" a court order. *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010).

Finally, given plaintiff's complete failure to respond to court orders over a lengthy period, I cannot conclude that any sanction less than dismissal without prejudice would be efficacious. *LeSane*, 239 F.3d at 209.

## CONCLUSION

Plaintiff's action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:  December 29, 2021
        Brooklyn, New York

4